FILED
CLERK
10/11/2017 4:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STEPHEN BARRETTO,

                    Plaintiff,
                                          MEMORANDUM & ORDER
         -against-                        17-CV-2463(JS)(ARL)

SUFFOLK COUNTY POLICE DEPT., 2ND
POLICE PRECINCT;

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Stephen Barretto, pro se
                    35 Fenwick Street
                    Greenlawn, NY 11740

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On April 17, 2017, pro se plaintiff Stephen Barretto ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Police Department, 2nd Police Precinct, ("Defendant" or "Police Department"), accompanied by an application to proceed in forma pauperis.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Suffolk County Police Department, 2nd Precinct, and WITH LEAVE TO

FILE AN AMENDED COMPLAINT as set forth herein pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following facts in their entirety:[2]

> A hostile, menacing and contrived encounter w/two detectives (1 female, 1 male) and as may as four police officers (3 uniformed, and one possibly in ordinary street clothes) while I was engaged in quiet internet research involving my father's interaction w/personnel at the Northport, N.Y. Veteran's Hospital: i.e., shout-orders/commands to empty my back-pack's contents, clothes pockets and to spread arms/legs for a frisk search. Tired by the procedure, I obeyed their order to "come with us" (meaning the precinct) where I was detained in a room (prison-like w/handcuffs affixed to the wall) while they searched the library's P.C. (containing my e-mails contents) for the crime of pedophillic, sexual solicitation of minors) A false/exaggerated accusation based on a near, 9 yr-old report of vagrancy police received of me.

(Compl. ¶ IV.)  For relief, Plaintiff requests that:

> Police discontinue their encroaching/ monitoring behavior (post the Library encounter) while I reestablish contact with Suffolk D.A.'s Economic Crimes Bureau, regarding my allegation that my Veteran W.W.II father had been investigated, as he'd been informed of a breach by the Northport, N.Y.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The excerpts from the Complaint are reproduced here exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected or noted.

11768, Veteran's Hospital Patient-Advocate (Frank Marengo, R.N.) Fees (2) reimbursement.

(Compl. ¶ V.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,

1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution

4

of the United States.'"  Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

    A.    Claim Against the Police Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Carthew v. Cty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) ("It is well settled that an entity such as the Suffolk County Police Department is an 'administrative arm' of the same municipal entity as Suffolk County and thus lacks the capacity to be sued."); Martinez v. Cty. of Suffolk, 999 F. Supp. 2d 424, 429 (E.D.N.Y. 2014) (dismissing Section 1983 claims against the Suffolk County Police Department). Thus, Plaintiff's claims against the Police Department are not plausible because the Police Department has no legal identity separate and apart from Suffolk County. Accordingly, these claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court next considers whether he has alleged a plausible Section 1983 claim against the municipality, Suffolk County. For the reasons that follow, the

Court finds that he has not.

   B. <u>Claim as Construed Against Suffolk County</u>

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y. City</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. Cty. of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011) (quoting <u>Connick v. Thompson</u>, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive

knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim as construed against Suffolk County. Accordingly, Plaintiff's Complaint, as construed against Suffolk County is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 17-CV-2463(JS)(ARL).**

Plaintiff is cautioned that an Amended Complaint supercedes the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue against any and all defendants must be included in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Police Department for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Plaintiff is GRANTED LEAVE TO AMEND his Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 17-CV-2463(JS)(ARL).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

Dated: October __11__, 2017    /s/ JOANNA SEYBERT
      Central Islip, New York    Joanna Seybert, U.S.D.J.